UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JESSICA LERICHE,                                    Civil Action No.:
                Plaintiff,

        -against-                                **COMPLAINT**

GC SERVICES LIMITED PARTNERSHIP,                    **DEMAND FOR JURY TRIAL**

                Defendant(s).
-------------------------------------------------------------------X

     Plaintiff, JESSICA LERICHE ("Plaintiff"), by and through her attorneys, M. Harvey Rephen & Associates, P.C., as and for her Complaint against the Defendant, G C SERVICES (hereinafter referred to as Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

     1.    Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

     2.    Plaintiff JESSICA LERICHE is a resident of the State of New York, residing at 215 Tree Avenue, Central Islip, New York 11722-2748.

     3.    Defendant GC SERVICES LIMITED PARTNERSHIP is a limited partnership duly organized and existing under the laws of the State of Texas, engaged in the business of debt collecting with their main business address at 6330 Gulfton, #303, Houston, TX 77081.

     4.    Plaintiff is a "consumer" as defined by the FDCPA, 15 USC §1692 a (3).

5. Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq*. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. §1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

8. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

10. Upon information and belief, and better known to the Defendant, Defendant began its campaign of communications with the Plaintiff on August 10, 2013 by placing a call to telephone number 631 342 0978 and leaving a voice message.

11. The aforementioned message was spoken by a female representative of Defendant, as follows: "This is a message for [Plaintiff]. My name is [inaudible]. I would appreciate your calling me back. You can reach me at 866 862 2789. Thank you."

12. On August 15, 2013, Defendant left another voice message in which a female caller stated: "Hello, this message is for [Plaintiff]. My name is "Trina [inaudible]." I'm calling for [Defendant], a debt collector. I would appreciate your calling me back. You can reach me at 866 862 2789. Thank you."

13. Subsequent calls from Defendant with voice messages were placed throughout August, including August 15, 17, 20, 21, 23, 26 and 27, 2013.

14. The telephone number 631 342 0978 which Defendant's various representatives called and left the aforementioned messages belongs to Plaintiff's mother, Inez Nicaisse and the recorded greeting on her telephone conveys this information before requesting that callers leave a message.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

15. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "14" herein with the same force and effect as if the same were set forth at length herein.

16. 15 USC §1692e(11) requires a debt collector to provide the required information that they are debt collectors attempting to collect a debt and that any information obtained will be used for that purpose in every communication made with a consumer.

17. The Defendant, by allowing or training its representative to place a telephone call to Plaintiff' on August 10, 2013 and leave a voice message in which she failed to properly identify Defendant or herself as debt collectors and reveal her purpose for calling as required, violated 15 USC §1692e (11).

18. 15 USC §1692c(b) prohibits a debt collector from disclosing to a third party without permission from the consumer that the consumer is being contacted by a debt collector concerning a debt.

19. The Defendant violated 15 USC §1692c (b) by communicating to the Plaintiff's mother, Inez Nicaisse, in its August 15, 2013 message intended for Plaintiff, that

the Plaintiff was being contacted by a debt collector regarding a debt.

20. 15 USC §1692 f –preface prohibits a debt collector from using any unfair or unconscionable actions or means in connection with the collection of a debt.

21. Defendant violated 15 USC §1692 f –preface by unconscionably allowing or training its employees to leave voice messages for consumers which deliberately provide no more than a caller's personal name and telephone call back number in an effort to unfairly compel the consumer to contact the Defendant out of curiosity and thus give Defendant the opportunity to engage in further debt collection activities.

22. As a result of Defendant's neglect in leaving a message on a voice mail belonging to a third party, Plaintiff suffered embarrassment and distress and according to 15 USC §1692k(a)(1), Defendant is liable to Plaintiff for damages sustained as a result of their failure to comply with §1692 et seq. of Title 15 of the United States Code (the FDCPA).

## DEMAND FOR TRIAL BY JURY

23. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A. For actual damages provided and pursuant to 15 USC §1692k(a)(1);

B. For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

C. For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

   D. For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

   E. A declaration that the Defendant's practices violated the FDCPA;

   F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
    September 16th, 2013

        Respectfully submitted,


        By: /s/ M.Harvey Rephen
        M. Harvey Rephen, (MR3384), Esq.
        M. HARVEY REPHEN & ASSOCIATES, P.C.
        708 Third Avenue, 6th Floor
        New York, New York 10017
        Phone: (212) 796-0930
        Facsimile: (212) 330-7582
        *Attorney for the Plaintiff* JESSICA LERICHE

To: GC Services Limited Partnership
   6330 Gulfton, #303
   P.O. Box 2667
   Houston, TX 77081

   *(Via Prescribed Service)*

   Clerk,
   United States District Court, Eastern District of New York
   *(For Filing Purposes)*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CASE NO.:

JESSICA LERICHE,

                        Plaintiff,

    -against-


GC SERVICES LIMITED PARTNERSHIP,

                        Defendant(s).

_____

## COMPLAINT

_____

*M. HARVEY REPHEN & ASSOCIATES, P.C.*
*708 Third Avenue, 6th Floor*
*New York, New York 10017*
*Phone:    (212) 796-0930*
*Facsimile: (212) 330-7582*

_____